IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TAMI R.,[1]

    Plaintiff,

    v.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

No. 3:17-cv-01327-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Tami R. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). I have jurisdiction under 42 U.S.C. § 405(g) to review the decision of the Administrative Law Judge (ALJ). For the reasons stated below, I AFFIRM the ALJ's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB and SSI with the Commissioner on September 26, 2013, alleging a disability onset date of October 26, 1999. The DIB and SSI claims were

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

initially denied on December 10, 2013, and again upon reconsideration on May 13, 2014. Plaintiff then filed a timely request for a hearing on June 17, 2014. An ALJ held a hearing on October 6, 2015, in which Plaintiff was represented by council and testified, as did a Vocational Expert. Plaintiff provided additional evidence after the hearing. *See* Tr. 1309–11. The ALJ issued a decision on January 5, 2016, finding that Plaintiff was not disabled, as defined by the Social Security Act ("the Act"), during the period from October 26, 1999 until the date of the decision. The Appeals Council denied Plaintiff's request for review. After receiving an extension of time from the Commissioner, Plaintiff timely filed for review in this Court. Plaintiff brings this claim pro se.

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential evaluation process established by the Secretary of Health and Human Services. *See Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. § 404.1520. At the first four steps of the process, the burden of proof is on the claimant. Only at the fifth and final step does the burden of proof shift to the Commissioner. *Id.* at 1098.

At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity since her alleged onset date of October 26, 1999. At Step Two, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease, migraines, right carpal tunnel syndrome, and chronic kidney stones. Tr. 24. Severe impairments are those that "significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The ALJ's determination that a claimant has a severe impairment does not mean that the claimant is disabled. At Step Three, the ALJ is tasked with determining if one or more of a claimant's severe impairments "meets or equals" one of the presumptively disabling impairments listed in the SSA regulations. 20 C.F.R. § 404.1520(a)(4)(iii). In this case, the ALJ

determined at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24. Next, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work, with the ability to frequently perform handling, fingering, and feeling with the hand. Tr. 25. Plaintiff's RFC also included the ability to frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. *Id.* The RFC contained the restriction that Plaintiff could never climb ladders, ropes, or scaffolds. *Id.* The ALJ found at Step Four that Plaintiff did not have any past relevant work. Tr. 36. At Step Five, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. *Id.* Because the ALJ determined that Plaintiff had the RFC to perform work that existed in significant numbers in the national economy, Plaintiff was not disabled under the Act. 20 C.F.R. § 404.1566.

## STANDARD OF REVIEW

I review the ALJ's decision to ensure the ALJ applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (explaining that the ALJ's decision must be supported by substantial evidence and not based on legal error). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence can support

affirming the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ. *Robbins*, 466 F.3d at 882.

In cases involving a plaintiff proceeding pro se, courts must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Construing Plaintiff's Brief [36] liberally, she argues the ALJ erred by (1) failing to develop the record fully, as required by 20 C.F.R. § 416.945; and (2) improperly discounting Plaintiff's testimony about the debilitating effects of her pain. If the ALJ improperly discounted Plaintiff's symptom testimony, this error would warrant remand because the RFC did not account for the level and frequency of pain reported by Plaintiff.

### I. The ALJ's Development of the Medical Record

Plaintiff's first argument in support of remand relies on her reading of 20 C.F.R. § 416.945(a)(3), which states that the Commissioner is "responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources." Plaintiff claims that the Commissioner did not perform "due diligence in obtaining medical records" and did not conduct a consultative examination. Pl.'s Br. [36] at 1.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). When a plaintiff presents new evidence that was not considered by the ALJ, remand is appropriate only where the new evidence is material and the

plaintiff establishes good cause for not presenting it to the ALJ. *Mayes*, 276 F.3d at 462. New evidence is material if it bears "directly and substantially on the matter in dispute" and there is a reasonable probability that the new evidence would have changed the outcome of the hearing. *Id.* Good cause is established if the new evidence was unavailable prior to the ALJ's decision. *Id.*

Plaintiff argues that the ALJ was required to obtain and consider medical records from an incident on October 26, 1999—Plaintiff's alleged date of disability. Reply [41] at 1. Plaintiff argues that records from this incident should have been reviewed because they would demonstrate that her back pain was misdiagnosed for many years. In particular, Plaintiff states that her back pain was caused by an epidural anesthetic improperly administered during childbirth rather than a muscle injury due to a vehicle accident that occurred shortly thereafter. *Id.* at 5. Plaintiff also states that the ALJ failed to compare MRI results from 1999 and 2001, which she alleges would have demonstrated a significant decline in the condition of her spine. *Id.* at 1.

An ALJ is not required to obtain every piece of available medical evidence before determining whether a claimant is disabled. Instead, there is a duty to develop the record when it is ambiguous or inadequate. Neither condition was present in this case. Although Plaintiff may wish the Court and the Commissioner to understand that her misdiagnosis caused her to experience pain during the period in question, the record of Plaintiff's symptoms was unambiguous. The ALJ evaluated Plaintiff's symptom testimony and found some level of functional limitation. But the ALJ did not find that Plaintiff's symptoms limited her to the degree that she claimed. Because the ALJ's decision was based on an evaluation of Plaintiff's symptom testimony, there was no need to obtain the records Plaintiff believes should have been

5 – OPINION AND ORDER

reviewed. The records would have demonstrated the cause of the symptoms, not a different set of symptoms. Even this would not have been helpful to an evaluation of Plaintiff's disability, as the ALJ had already classified Plaintiff's degenerative disc disease as a severe impairment. Nor was there any ambiguity that would have been resolved if the ALJ had ordered a consultative examination. Therefore, I find that the ALJ properly developed the record.

Because the ALJ did not consider every medical record available, Plaintiff argues that I should review medical evidence produced after the ALJ's decision in January 2016. Plaintiff claims that she was diagnosed with endometriosis in April 2016 and underwent bilateral spine surgery in May 2016. Reply [41] at 2, 3. Plaintiff also submitted a motion to file medical records and other medical evidence that was not part of the administrative record but was otherwise available prior to the ALJ's January 2016 decision. Mot. [32]. The Commissioner argues that this new evidence is not material to Plaintiff's condition prior to the ALJ's decision. Resp. [38] at 8. Instead, the Commissioner states that Plaintiff's spine surgery was performed in response to a worsening condition. *Id.* The Commissioner argues that Plaintiff must file a new claim in order to obtain review of a condition that worsened after the ALJ's decision. *Id.*

Plaintiff has met the burden for good cause with respect to the new evidence of her back surgery that was produced after the ALJ's decision. But Plaintiff has not met the burden for establishing good cause for the medical records that were available at the time of the administrative hearing. Plaintiff was represented by counsel at the ALJ hearing and her counsel was provided the opportunity to submit additional records to the ALJ. *See* Tr. 83. Plaintiff has provided no reason that the documents she now seeks to admit could not have been presented to the Commisioner prior to the ALJ's decision.

Plaintiff has not met her burden for establishing that the proposed new evidence is material. The ALJ's determination that Plaintiff was not disabled was based on an analysis of her symptom testimony, which the ALJ found to be contradicted by Plaintiff's "conservative treatment, work after alleged onset of disability, and her activities of daily living." Tr. 36. Although Plaintiff seeks to present evidence that further substantiates the cause of her back pain, the new evidence does not contradict the ALJ's evaluation of Plaintiff's symptom testimony. The same analysis applies to Plaintiff's endometriosis diagnosis—the symptoms were evaluated by the ALJ. Plaintiff makes no argument that the new diagnosis would change that evaluation. In addition, it would be inappropriate to remand based on a condition that was not medically determinable until some time after the ALJ's decision. Therefore, I find that the new evidence Plaintiff has proposed to introduce does not warrant remand.

## II. The ALJ's Assessment of Plaintiff's Testimony

Plaintiff argues that the ALJ erred in failing to give adequate reasons for discrediting her symptom testimony. The ALJ determined that Plaintiff's testimony about the intensity, persistence, and limiting effects of the symptoms from her impairments was not consistent with Plaintiff's "conservative treatment history, work after alleged onset date, and her activities of daily living." Tr. 36. Therefore, after accounting for all of Plaintiff's symptoms, the ALJ found that Plaintiff had the RFC to perform sedentary work.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is

not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In assessing a claimant's credibility, the ALJ may consider objective medical evidence and the claimant's treatment history, as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. *Id.*

A. Activities of Daily Living

The ALJ found that Plaintiff's testimony about the disabling effect of her pain was contradicted by her self-reports about her daily activities and participation in activities such as hiking, dancing, swimming, and playing with her children. Tr. 32. In March 2014, Plaintiff reported on a Social Security Administration questionnaire that her daily activities included working for eight hours per day. Tr. 274. She also stated that she could prepare meals and complete household chores, albeit while experiencing pain. Tr. 275. Plaintiff further stated that she would spend one to two hours shopping online. Tr. 276.

An ALJ may discredit testimony when a claimant reports activities of daily living that are transferable to a work setting. *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting

the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.*

Plaintiff contests the reasonableness of the ALJ's conclusion that her activities of daily living contradict her testimony that she is unable to sustain full-time employment due to pain. But Plaintiff's self-reported activities of working eight hours per day and frequently hiking, playing with children, and shopping for several hours online are inconsistent with her symptom testimony. These activities are consistent with the ALJ's determination that Plaintiff had the RFC to perform sedentary work. The ALJ's reasons for discounting Plaintiff's testimony were sufficiently specific for me to determine that her decision was not arbitrary. Although it is possible to offer alternate interpretations of some of the evidence in the record, the ALJ's determination must be upheld if it was a rational interpretation of the evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). I find that the ALJ made a rational interpretation of the evidence and her decision to discount Plaintiff's testimony was therefore not in error.

B. Conservative Treatment

The ALJ also discounted Plaintiff's symptom testimony based on a history of allegedly conservative treatment. Tr. 36. The ALJ did not specify which impairments were treated conservatively or which treatments were considered conservative. An ALJ may discredit a claimant's testimony based on an unexplained failure to seek treatment or to follow a prescribed course of treatment. *Molina*, 674 F.3d at 1113.

The record contains evidence that contradicts the ALJ's assertion that Plaintiff pursued a conservative course of treatment for several of her severe impairments. Plaintiff underwent a surgical procedure to address her carpal tunnel syndrome. Tr. 32. She also had surgery to

9 – OPINION AND ORDER

remove kidney stones. *Id.* The ALJ noted that Dr. Jamie Nacacio, M.D., found that Plaintiff was noncompliant with instructions to complete back exercises at home. Tr. 35. Dr. Nacacio stated that Plaintiff would not be seen for physical therapy "until she can be a little more compliant with the recommendations made for her" and noted that Plaintiff had failed to complete the back exercises due to other responsibilities at home. Tr. 557. But the ALJ gave Dr. Nacacio's opinion little weight because it was "not well explained." Tr. 35. Finally, although Plaintiff stated that she had suffered from migraines for twenty years, the ALJ noted that Plaintiff reported that she had never received treatment for headaches or migraines. Tr. 33.

While there is some evidence in the record that Plaintiff failed to follow a prescribed course of treatment for her back pain and did not seek treatment for her migraines, there is also evidence that Plaintiff pursued an aggressive course of treatment to address her carpal tunnel syndrome and kidney stones. The ALJ did not specify which treatment was considered conservative or which parts of the testimony were contradicted by a history of conservative treatment. Because the ALJ did not describe the reasons that Plaintiff's testimony was contradicted by conservative treatment, I find that this was not a clear and convincing reason for discounting Plaintiff's testimony.

C. Work History

In discounting Plaintiff's testimony, the ALJ assessed Plaintiff's work history before and after the date that her disability was alleged to have begun. Although Plaintiff did not engage in substantial gainful activity that would disqualify her from receiving disability benefits, she was able to perform some work after the date when she was allegedly disabled. *See* Tr. 33. The ALJ noted that this level of work was consistent with the level of work Plaintiff performed prior to the alleged date of disability. *Id.* Operating under the now-superseded Social Security Ruling

96-7p, the ALJ was authorized to evaluate Plaintiff's credibility by considering her "prior work record and efforts to work." SSR 96-7p, 1996 WL 374186. The Commissioner relied on *Thomas v. Barnhart* for the proposition that an ALJ can discredit testimony by evaluating a claimant's work history and lack of motivation to work. Def.'s Br. [38] at 3 (citing 278 F.3d at 959 (9th Cir. 2002) (discrediting testimony where a claimant had an "extremely poor work history" and had shown "little propensity to work in her lifetime")). An ALJ may also discredit a claimant's testimony based on evidence that a claimant refrained from working for reasons other than an alleged impairment. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Plaintiff argues that her work history prior to the date of her disability is not probative of her effort to work for two reasons. First, Plaintiff argues that her age should be considered: her work experience was limited because she was twenty-three at the time of her alleged disability. Reply. [41] at 4. Second, Plaintiff argues that pregnancy and childcare prevented her from working full time prior to becoming disabled. *Id.*

Neither of Plaintiff's arguments regarding her work history address the ALJ's conclusion that Plaintiff's ability to perform full-time work was limited by factors other than her severe impairments, such as family responsibilities. *See* Tr. 33. While I do not find that the ALJ demonstrated that Plaintiff's work history betrayed a lack of motivation to work as described in *Thomas v. Barnhart*, the ALJ did provide a clear and convincing reason for discounting Plaintiff's testimony that she could not perform full-time work due to pain. Therefore, I do not find that the ALJ erred in discounting Plaintiff's testimony based on her work history.

D. Conclusion

For the reasons discussed above, I find that the ALJ properly discounted Plaintiff's symptom testimony. Although the ALJ did not provide clear and convincing evidence to support

11 – OPINION AND ORDER

her decision to discount Plaintiff's testimony based on a history of conservative treatment, the ALJ's decision may still be upheld if she provided other valid rationales. *Batson*, 359 F.3d at 1197. Here, the ALJ provided two additional clear and convincing reasons to discount Plaintiff's symptom testimony. Therefore, I find that the ALJ did not err in discounting Plaintiff's testimony regarding the limiting effects of her pain.

## CONCLUSION

For the reasons stated, I find the ALJ's decision was supported by substantial evidence. Accordingly, I AFFIRM the decision. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 4 day of March, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge